COFFEY *v.* CHAPAL *et al.*

*(City Court of Brooklyn, General Term. November 27, 1888.)*

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE—FORMER REPAIR.

    In an action by a servant against her master for injuries received in his service, an allegation that the machine causing the injury was unsafe and defective is not sustained by proof that the machine repeatedly required to be put in order while being used.

2. SAME—RISKS OF EMPLOYMENT.

    Where plaintiff's evidence shows that she was 18 years old, and accustomed to the use of machinery, and that, while putting in order the machine she was using, she voluntarily put her hand too near the rollers, which she knew to be revolving 3,000 times a minute, and was caught and injured by them, a nonsuit is properly granted.[1]

Appeal from trial term.

Action by Annie T. Coffey against Leonard Chapal and others to recover for personal injuries received while in defendant's service. Plaintiff appeals from a judgment of nonsuit.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Tighe & Sweetser,* for appellant. *J. M. Pray,* for respondents.

CLEMENT, C. J. The plaintiff worked for the defendants, and while in their employ, on May 9, 1887, sustained injuries, and brought this action to recover damages for their alleged negligence. She was nonsuited at the trial term, and from the judgment of dismissal this appeal is taken. No proof was offered at the trial tending to show that the machine on which the plaintiff was at work when she was injured was either unsafe, defective, insecure, or imperfect, and the counsel for the plaintiff did not so claim on the argument. It appears in the case that the plaintiff was put at work on the morning of May 9th by the foreman of defendants, on a machine which is commonly

---

[1] In an action for negligently causing the death of plaintiffs' intestate, evidence that deceased, while in defendant's employ, was dragging a machine by a portion of it not intended for such purpose, and was moving backward in a stooping posture, and that, the machine breaking, deceased fell into an elevator well, guarded, as he knew, by only one bar, which was rather high, shows contributory negligence sufficient to prevent a recovery. Rogen v. Morgan's Sons' Co., 1 N. Y. Supp. 273. An employe of mature age and ordinary mental capacity, who is injured in his master's employ by reason of a defective ladder, one rail of which was broken off near the top, both master and servant knowing of the defect, and neither regarding it as dangerous, cannot recover for such injury, from his employer. Power Co. v. Murphy, (Ind.), 18 N. E. Rep. 30.

In general, respecting the servant's assumption of the risks of his employment, and his contributory negligence in actions for injuries against his master, see exhaustive note to Rogen v. Morgan's Son's Co., *supra*; Buckley v. Iron Ore Co., 2 N. Y. Supp. 133; Railroad Co. v. Sims, (Ga.) 7 S. E. Rep. 176, and note; Pidcock v. Railroad Co., (Utah,) 19 Pac. Rep. 191, and note; Improvement Co. v. Smith's Adm'r, (Va.) 7 S. E. Rep. 365, and note; Bennett v. Insurance Co., (Minn.) 39 N. W. Rep. 488, and note; Railroad Co. v. Hawthorn, (Wash. T.) 19 Pac. Rep. 25, and note.

known as a "picker," and the same became out of repair; whereupon plaintiff asked the foreman to put in order, which he did, A second and third time she called upon him to fix it, and then he said to plaintiff: "Take your oil-can, and fix it yourself; try and fix it yourself." Afterwards, and at noon of the same day, the machine became again out of order, and the plaintiff, intending to fix it, raised the lid or box which covered the roller, and put in her hand, and it was caught by the pickers, which were making 3,000 revolutions a minute. It also appears that the plaintiff was 18 years of age, and had worked on similar machines before, and that at the time she was injured left her place in front of the picker, and went round to the side, where she could plainly see the belt which drove the machine. She had done nothing to stop it, and had no reason to believe that it had been stopped. There was some question about the insufficiency of light, but it is conceded that plaintiff could see plainly to work on the machine, and, if so, she could tell whether it was in motion or not. If she took it on herself to fix the machine when in motion, then, in view of her age and knowledge, it was a risk she voluntarily assumed, and, if she was injured, the defendants were not liable therefor. A girl of 18 years, who has worked on machinery, does not require instructions that it is dangerous to put her hand near rollers revolving 3,000 times a minute.

There is another ground on which the judgment of dismissal can be sustained. The complaint charges simply that the machine was unsafe and defective, of which there was no proof, and there is no allegation of any other negligent act on the part of the defendants. Judgment affirmed, with costs.

VAN WYCK, J., concurred.